IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Caney Keefer LLC and Criss Cross Commercial LLC, *Plaintiffs*, | § § § § | |
| v. | § § | Civil Action No. 4:25-cv-5520 |
| Westchester Surplus Lines Insurance Company, *Defendant*. | § § § § | |

## ORIGINAL COMPLAINT

Plaintiffs, CANEY KEEFER LLC ("Caney Keefer") and CRISS CROSS COMMERCIAL LLC ("Criss Cross"),   hereby file this Original Complaint against Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, D/B/A CHUBB ("Chubb"), and would respectfully show the Court as follows:

### I.     NATURE OF ACTION

1.      Criss Cross and Caney Keefer hold a commercial insurance policy issued by Chubb, which provides coverage for the property previously known as Keefer Crossing Middle School, located at 20350 FM 1485, New Caney, Texas 77357.

2.      Under this policy, Chubb is obligated to compensate Plaintiffs for physical loss or damage to the Property resulting from burglary, theft, vandalism, and other covered perils.

3.      Following a series of burglaries at the Property, Criss Cross and Caney Keefer submitted a claim under the Policy to recover losses incurred as a result of the damage.

4.      Chubb denied Criss Cross and Caney Keefer's claims, asserting that the reported losses were not covered under the Policy, and refused to compensate Criss Cross and Caney Keefer for the damage sustained.

## II.      JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Defendant and Plaintiff are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Defendant because its liability arises directly from conduct occurring within this District and the State of Texas.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in New Caney, Texas.

## III.      PARTIES

8.      Plaintiff Caney Keefer LLC is a domestic limited liability company, incorporated under the laws of and authorized to do business in the State of Texas.

9.      Plaintiff Criss Cross Commercial LLC is a domestic limited liability company, incorporated under the laws of and authorized to do business in the State of Texas.

10.    Defendant Westchester Surplus Lines Insurance Company d/b/a Chubb is a foreign surplus lines insurance company incorporated in the State of Georgia, with its principal place of business located in the Commonwealth of Pennsylvania, and may be served with citation pursuant to Tex. Ins. Code § 804.106 by serving the Texas Secretary of State, Service of Process, PO Box 12079, Austin, Texas 78711-2079 by certified mail or wherever they may be found.

IV.    FACTUAL BACKGROUND

11.    Plaintiff Caney Keefer is the owner of real property located at 20350 FM 1485, New Caney, Texas 77357, formerly known as Keefer Crossing Middle School (the "Property").

12.    At all relevant times, Caney Keefer maintained commercial insurance policy no. MMF16249798 001 (the "Policy") issued by Defendant Chubb, which provided coverage for the Property, including losses resulting from burglary, theft, vandalism, and other specified perils.

13.    Plaintiff Criss Cross is a real estate management company hired by Caney Keefer, who procured the Policy for Caney Keefer's benefit and submitted the claim on Caney Keefer's behalf.

14.    Between March and July of 2022, the Property was subjected to a series of burglaries and acts of vandalism, causing substantial physical damage to the structure, interior fixtures, and other covered areas. Personal property stored on-site was also stolen or destroyed.

15.     In an effort to prevent further loss, Plaintiffs hired a security company to secure and patrol the Property. Despite these measures, vandals continued to break into and damage the Property.

16.     Plaintiffs promptly notified Chubb of the incidents and submitted a timely claim under the Policy, in accordance with all conditions precedent to coverage. The claim included detailed documentation of the damages and losses, including photographs, police reports, repair estimates, and inventory lists.

17.     Chubb retained Engle Martin and DBI Construction Consultants, LLC ("DBI") to inspect and evaluate the Property. DBI's inspection report confirmed that the Property sustained both internal and external damage consistent with vandalism and/or burglary.

18.     Despite receiving clear evidence of these covered losses, Chubb denied coverage on November 20, 2023, asserting, without a reasonable basis, that the losses were excluded under the Policy. Chubb also vaguely claimed that Plaintiffs had failed to comply with the Policy's reporting requirements and other specified duties.

19.     Plaintiffs fully complied with all conditions precedent, reporting requirements and obligations under the Policy.

20.     As a result of Chubb's conduct, Plaintiffs have suffered significant financial harm, including unreimbursed repair costs and other consequential damages.

V.    CAUSES OF ACTION

A.    Breach of Contract

21.    Chubb's conduct constitutes a breach of the insurance Policy contract.

22.    Chubb issued a valid and enforceable insurance contract to Plaintiffs, which provided coverage for burglary, theft, vandalism, and other specified perils affecting the Property.

23.    Plaintiffs paid the premiums due under the Policy.

24.    Plaintiffs complied with all conditions precedent to coverage under the Policy, including timely reporting the loss and submitting all necessary documentation to support its claims.

25.    Plaintiffs sustained direct physical loss to the Property arising from covered causes under the Policy including burglary, theft, and vandalism, as descried above.

26.    Chubb breached the insurance contract by wrongfully denying coverage for the losses sustained at the Property and failing to pay Plaintiffs the benefits owed under the Policy.

27.    As a result, Chubb is liable to Plaintiffs for direct and consequential damages arising from the breach of contract, together with attorney's fees.

B.    Violations of Chapter 541 of the Texas Insurance Code

28.    Chubb's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. All violations under this section are actionable under TEX. INS. CODE § 541.151.

29.    Chubb engaged in unfair settlement practices in violation of TEX. INS. CODE § 541.060, including but not limited to:

   a.  misrepresenting material facts or policy provisions relating to coverage;

   b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where liability was reasonably clear;

   c.  refusing to pay the claim without conducting a reasonable investigation;

   d.  refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; and

   e.  refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

30.    Chubb also misrepresented the insurance Policy in violation of TEX. INS. CODE § 541.061 by engaging in, but not limited to, the following conduct:

   a.  making an untrue statement of material fact;

   b.  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statement was made; and

   c.  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

31.    Pursuant to TEX. INS. CODE § 541.152, Plaintiffs seeks all remedies available under the Texas Insurance Code, including treble damages, interest, and attorney's fees.

32.    Plaintiffs hereby present notice of action to Chubb pursuant to TEX. INS. CODE § 541.154, attached as Exhibit A to this petition. 61 days' notice is not

practicable in this case because this action must be filed to prevent the statute of limitations from expiring.

### C.    Violations of Chapter 542 of the Texas Insurance Code.

33.    Chubb's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payments of Claims. All violations under this section are actionable by TEX. INS. CODE § 542.060.

34.    Chubb's failure to timely acknowledge receipt of Plaintiffs' claims, commence investigation of the claims, and request from Plaintiffs all items, statements, and forms reasonably believed to be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE § 542.055.

35.    Chubb's failure to notify Plaintiffs in writing of its acceptance or rejection of the claims within the applicable time constraints, constitutes a non-prompt payment of the claims and a violation of TEX. INS. CODE § 542.056.

36.    Chubb's delay in the payment of Plaintiffs' claims following its receipt of all items, statements, and forms reasonably requested and required, for longer than the time period provided under the applicable statute, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE § 542.058.

37.    Pursuant to TEX. INS. CODE §542.060, Caney Keefer seeks all remedies available under the Texas Insurance Code, including the amount of the claim, interest on the amount of the claim, prejudgment interest, and attorney's fees.

## VI.    DAMAGES

Chubb's acts and omissions, as described herein, and constituting the causes of action set forth above, entitle Caney Keefer to recover an award of damages against Chubb for the following:

a. all actual, direct, and consequential damages;

b. remedial damages;

c. all statutory damages, including treble damages, if any;

d. all reasonable and necessary attorney's fees through the time of trial, and any further attorneys' fees in the event this matter is appealed;

e. all expert witness fees and costs;

f. all statutory interest;

g. all costs of court in the trial court and on appeal;

h. pre-judgment and post-judgment interest at the highest rate allowed by law; and

i. all such other and further relief, both general and special, legal and equitable, to which Plaintiff may be justly entitled.

## VII.    JURY DEMAND

38.    Plaintiff demands trial by jury and tenders the necessary jury fee.

## PRAYER

WHEREFORE, PREMESIS CONSIDERED, Plaintiffs respectfully request that citation issue and be served on Defendant as prescribed by law, requiring Defendant to appear and answer; and upon final hearing, that judgment be entered in Plaintiff's favor against Defendant for money damages in an amount within this

Court's jurisdiction, justified by the evidence and consistent with the claims in this

Complaint. Plaintiff further requests all other relief to which it may be justly entitled.

Respectfully submitted,


/s/ Paul A. Ready
Paul A. Ready
Texas Bar No. 24066514
paul@ready.law
Attorney-in-charge

Of counsel:
Erin E. Jensen
Texas Bar No. 24107168
erin@ready.law

READY LAW FIRM, PLLC
1770 St. James Place, Suite 640
Houston, Texas 77056
Tel. 713.814.3980
Fax. 713.814.3988

ATTORNEYS FOR PLAINTIFF
CANEY KEEFER LLC