READY LAW FIRM PLLC

1770 St. James Place, Suite 640
Houston, Texas 77056

Exhibit A

Paul A. Ready, Managing Attorney
Paul@Ready.Law

Tel. 713.814.3980
Fax. 713.814.3988

November 18, 2025

Westchester Surplus Lines Insurance Company
c/o Texas Secretary of State
PO Box 12079
Austin, Texas 78711-2079

> Re:   *Caney Keefer LLC and Criss Cross Commercial LLC v. Westchester Surplus Lines Insurance Company*

| | |
|---|---|
| Claim Number | KY23K2021327 |
| Policy Number | MMF16249798 001 |
| Date of Loss | 7/20/2022, 7/22/2022, 3/29/2022 |
| Loss Location | 20350 FM 1485, New Caney, TX |

To Whom It May Concern:

This firm represents Caney Keefer LLC and Criss Cross Commercial LLC with respect to the above-referenced claim.

As you are aware, my clients owned and managed, and you insured, the above property on the above dates of loss. As you have also acknowledged, multiple burglaries and vandalism events occurred at the property.

My client provided you with a total of $23,280,815.25 in documented repair costs for damages as a result of those burglary and vandalism events.

While acknowledging the covered loss to the property you insured, you summarily and unreasonably concluded that my clients were owed nothing under the policy. Your company specifically attributed "all damages observed on the premises" to a copper theft exclusion. But there was not sufficient evidence to reach such a broad conclusion.

You did not have witnesses or security videos establishing that the burglars and vandals at the loss location *only* damaged what was absolutely necessary to damage in order to steal copper components. Ruling out wanton damages, or a series of separate break-ins, as is indeed evident, some of which almost certainly had nothing to do with copper theft, would require clairvoyance on your part, or specific evidence ruling out the other possibilities. Resolving all doubt toward an exclusion without supporting evidence is exactly the sort of unreasonable coverage decision Texas law guards against.

To be sure, it is uncontested that *some* of the damage to the insured property involved copper theft. But the burden of establishing that an exclusion applies is on the insurer. Therefore, it was your responsibility to show specific evidence that each damage to the property was specifically caused by or resulting from theft of copper to the extent you failed to pay any part of the claim. You failed to do so.

On the basis of the above-described conduct, culminating in the summary denial of my client's claim for over $23 million in documented damages, your company is liable to my clients for breach of the policy contract; violations of Tex. Ins. Code § 541.060 for misrepresentations of material facts and coverage, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement for which the insurer's liability has become reasonably clear, failure to provide the policyholder with a reasonable explanation of the basis in the policy, in relation to the facts, of the insurer's denial of a claim, and refusing to pay a claim without conducting a reasonable investigation; as well as violations of Tex. Ins. Code § 542.060 for failure to make timely payment of the claim.

In the interest of compromise and expediency, pursuant to Tex. Ins Code § 541.154  and 542A.003, my clients hereby give notice of intent to seek action against your company. If this offer is accepted within 61 days of service, my clients offer to settle all claims against your company for a total sum of $23,280,815.25 in damages, waiving all penalties and claims for attorney's fees during this period.

If your client fails to accept this offer, my clients intend to seek all available damages available under Texas law including direct and consequential damages, court costs, attorney's fees, and statutory penalties and interest.

Because the foregoing acts were committed knowingly, pursuant to Tex. Ins. Code § 541.152, my clients are entitled to triple actual damages. Accordingly, my clients will seek a judgment against you for $69,842,445.80, plus reasonable and necessary attorney's fees and statutory interest at 18% per year from the date of wrongful denial until paid.

## PRESERVATION NOTICE

This is a formal preservation notice. You should anticipate litigation based on this letter and the attached petitions. Plaintiff hereby requests and demands that all Defendants and their agents, attorneys, and insurers, preserve and maintain all evidence pertaining to any claim or defense relating to the subject matter of this letter, or the damages resulting therefrom, including but not limited to photographs, video or audio recordings, business records, memoranda, files, emails, voicemails, text messages, invoices, and any other electronic image, data or information related to the subject to this letter, including but not limited to information stored online with third parties such as Microsoft, Google/Gmail, Apple/iCloud, social media such as Facebook

or Instagram, or any other similar service.

This notice specifically includes but is not limited to any evidence pertaining to any co-Defendant, any evidence depicting, describing or regarding, in whole or in part, the Acquisition, the related transaction, and/or communications regarding the Acquisition with anyone.

Failure to maintain such evidence will constitute a "spoliation" of the evidence and may subject each respective Defendant to sanctions.

Sincerely,

*/s/ Paul A. Ready*
Paul A. Ready